Johnson J.
delivered the opinion Ofthe Court.
When the original boundaries of lands become the subject of dispute, a resurvey is necessary to ascertain, where the original surveyor pointed his compass, or made his mark; and the rules elicited by the numerous cases that have occurred in our Courts, have been designed to develope the truth as far as was Practica^e- Amongst these it will be found, that course and distance arc less to be confided in than any other evidence of boundary; and this, because they are seldom or never entirely relied upon, and are of all others the most subject to misconception and error, and only serve as a guide in the absence of all other. 1 M’C. 167. 215. The defendant’s land is located according to this rule, and under the supposition that there is no other boundary. But the grant to Porter calls for a post oak corner at D, and one is found at E, within a few chains of it, and no other reason is given why the line should not be extended .to it, than *81 that the course and distance do not exactly reach it. Again, Cook’s land is called for as a boundary on the South ; but he had no land there, and it is found on the North-East: and can any man doubt that it was put on the South by mistake of the surveyor ! Does not every one know that plats are made up from loose memoranda made in the field! And can we be ignorant how often it happens that boundaries are transposed! Here the course and distance lead within a very few chains of Cook’s line, and describe aline running exactly parallel with, and near to it, almost its whole extent : and is there a sceptic so great as to believe that the surveyor, who located Porter’s grant, did not intend it as a boundary there 1 Our books of reports furnish many cases on this subject, and upon reference to them it will be found, that lands have been located on the opposite side of a water course from that on which it was represented to lie ; and that it has been necessary to reverse every course in the plat to obtain the true location; because in the application of the plat to the marks of location found on the ground, it was apparent that the description given in the plat was erroneous : And I cannot conceive of one more palpably so, than exists here. This ease was tried before myself, and I feel a consciousness that the verdict was in some degree the effect of my confidence, that the error was so palpable, that it would be seen and appreciated by the jury; which led to a neglect on my part to illustrate and enforce the rule, as fully as might have been done. A new trial ought therefore to be granted.
Harper J. concurred. O’Neall J. gave no opinion, having been of counsel in the cause.
Motion granted.